Wilson's Ex'rs. vs. Slade, *et ux.*

<div style="float:right">1808
JUNE

Wilson
vs
Slade.</div>

APPEAL from the General Court. Debt on the same bond as in the case of the present appellees and *Morgan,* *(ante* 38.) In this case there were the same pleadings as in that case, with the additional plea of *plene administravit,* and the general replication thereto. At the trial, at October term 1803, the plaintiffs, (now appellees,) offered no evidence of any assets which had come from *John Wilson,* deceased, the defendants' testator, to the hands or possession of the defendants; but contended for, and prayed the opinion of the court, and their direction to the jury, that on the plea of *plene administravit* it was not necessary for the plaintiffs to show that any assets had come to the hands or possession of the defendants; for that the plea was, unless the defendants proved the contrary by the production of the inventory, or by other evidence, an admission of assets to the amount of the plaintiffs' claim. The Court, [*Done* and *Sprigg,* J.] gave the opinion and direction, on the authority of the case of *Slade and wife* against *Morgan.* The defendants excepted, and the verdict and judgment being against them, they appealed to this court.

<div style="float:right">On the issue joined to a plea of plene administravit, the plaintiff did not offer evidence of any assets which had come to the hands of the defendants, (the executors)—Held, that it was necessary for the plaintiff to show that assets had come to the hands of the executors, and that the plea was not an admission of assets to the amount of the plaintiff's claim, although the executors did not prove the contrary by the production of the inventory, or by other evidence</div>

*Johnson,* (Attorney-General,) and *Magruder,* for the Appellants.

*Martin, Hall* and *T. Buchanan,* for the Appellees.

THE COURT *reversed* the judgment of the General Court, upon the same grounds as in the case of *Morgan vs. Slade, et al. (ante* 38,) and awarded a *procedendo.*

JUDGMENT REVERSED.